The Honorable Wayne Matthews Prosecuting Attorney P.O. Box 8051 Pine Bluff, AR 71611
Dear Mr. Matthews:
This is in response to your request for an opinion regarding A.C.A. § 14-42-109. You have asked whether this Code section requires criminal action or whether it is purely civil and, either way, what course of action a town should take when nonfeasance occurs.
This Code section is the codification of Act 54 of 1895, which has only been amended once (Act 115 of 1929). It states as follows under subsection(a):
 (a)(1)(A) If the mayor or police judge, member of the city council, or any other elective officer of any city of the first class or second class or incorporated town in this state shall wilfully and knowingly fail, refuse, or neglect to execute, or cause to be executed, any of the laws or ordinances within their jurisdiction, they shall be deemed guilty of nonfeasance in office.
 (B)(i) It shall be the duty of the circuit court of any county within which any officer may be commissioned and acting, upon indictment charging any such officer with nonfeasance in office, to hear and determine the charges.
 (ii) If, upon hearing, the charges are proved to be true, the court shall enter a judgment of record removing the guilty officer from office.
Because the statute makes reference to an "indictment," and a determination of guilt, it is my opinion that the action required under subsection (a) with regard to elective officers is more in the nature of a criminal, rather than a civil matter. Although "nonfeasance" is not an offense under the Arkansas Criminal Code (see Atty Gen. Op. No. 87-266 (copy enclosed)), it must be recognized that there are a number of offenses outside those enumerated in the Code that would be prosecuted through the criminal process.
In light of the above, we should perhaps take this opportunity to clarify Opinion 87-266 in order to clearly identify the requisite procedure for removing an elective officer under this Code section. You have asked what course of action a town should take when nonfeasance occurs. Because the circuit court must, upon indictment, hear and determine any charges under § 14-42-109, application could be made to the court for referral of the offense to a grand jury. The court may, in its discretion, impanel a special grand jury at any time a grand jury is not in session. A.C.A. § 16-85-517.
A request could, it seems, also be made to the prosecuting attorney for the filing of an information. See Ark. Const. Amend. 21, § 1. Any determination of guilt must, however, be made by the circuit court.
With regard to appointive officers, it appears that such officers may be removed upon a majority vote of the council, in accordance with A.C.A. § 14-42-109(a)(2) which states:
 The council of any city or incorporated town may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb